**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

William Gillespie,

Plaintiff,

v.

Commissioner of Social Security Administration,

Defendant.

No. CV-25-00376-TUC-SHR (MSA)

**ORDER ADOPTING R&R**

Plaintiff William Gillespie brought this action under 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying his claim for disability benefits. The Court referred this matter to Magistrate Judge Maria S. Aguilera for a Report and Recommendation ("R&R"). Judge Aguilera recommends the Court affirm the Commissioner's decision. (Doc. 23.) Plaintiff objected to the R&R (Doc. 24), and Defendant filed a Response (Doc. 25). For the following reasons, the Court will overrule Plaintiff's Objections, adopt the R&R in full, and affirm the Commissioner's decision.

## I. Background

The R&R provides a detailed recitation of the factual and procedural history in this matter. (Doc. 23.) Neither party objects to, and the Court adopts, the facts set forth in the R&R. For context, in 2023, Plaintiff filed an application for disability insurance benefits, alleging disability based on bipolar disorder and posttraumatic stress disorder (PTSD).

Plaintiff's application was denied initially and on reconsideration. He requested a hearing before an administrative law judge (ALJ), who held a hearing in April 2025.

After the hearing, the ALJ issued a written decision following the five-step process for determining whether a person is disabled. *See* 20 C.F.R. § 404.1520. At step two, the ALJ concluded Plaintiff had three severe impairments—bipolar disorder, PTSD, and cannabis use disorder—but did not identify dependent personality disorder (DPD) as a medically determinable impairment. The ALJ ultimately concluded Plaintiff was not disabled. The Appeals Council denied review.

Plaintiff subsequently filed a Complaint in this Court challenging the denial of his claim for disability benefits, arguing the ALJ erred by not listing Plainitff's DPD as a medically determinable impairment. (Doc. 1.) In July 2026, Magistrate Judge Aguilera issued an R&R recommending the Court affirm the Commissioner's decision because the ALJ's failure to identify DPD at step two was harmless.

## II. Standard of Review

When reviewing a magistrate judge's R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). However, objections to R&Rs "are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of P.R.*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004); *see also Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("The purpose of the Federal Magistrates Act is to relieve courts of unnecessary work," and "[t]here is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge."). Objections that merely repeat or rehash arguments already addressed in the R&R are insufficient to trigger de novo review and are instead reviewed for clear error. *See Tinlin v. Hudson*, No. CV-24-00425-TUC-JCH, 2025 WL 2468802, at *1 (D.

Ariz. Aug. 7, 2025) (citing *Curtis v. Shinn*, No. CV-19-04374-PHX-DGC-JZB, 2021 WL 4596465, at *5 (D. Ariz. Oct. 6, 2021)). District courts "conduct proper de novo review where they state they have done so, even if the order fails to specifically address a party's objections." *United States v. Ramos*, 65 F.4th 427, 433–34 (9th Cir. 2023) ("[T]he district court ha[s] no obligation to provide individualized analysis of each objection.").

The Court must affirm a decision of the Commissioner of Social Security if the decision "is supported by substantial evidence and based on the application of correct legal standards." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008) (citation omitted). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted). It is "more than a scintilla, but less than a preponderance." *Id.* In determining whether the Commissioner's decision is supported by substantial evidence, the Court must "weigh both the evidence that supports and the evidence that detracts from the ALJ's factual conclusions." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014) (citation and internal quotation marks omitted). The Court "must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (citation and internal quotation marks omitted). When evidence "is susceptible to more than one rational interpretation, one of which supports the ALJ's decision," the Court must uphold the ALJ's conclusion. *Thomas*, 278 F.3d at 954. The Court may consider "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (citation omitted).

Error in a social security determination is subject to harmless-error analysis. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). An error is harmless if it "was inconsequential to the ultimate nondisability determination." *Id.* at 1055.

## III. Discussion

Plaintiff objects to the magistrate judge's R&R, challenging its conclusion the

ALJ's failure to identify DPD as a medically determinable impairment constitutes harmless error. (Doc. 24 at 1.) Plaintiff's objections largely repeat arguments already raised in his opening and reply briefs. The Court has reviewed those objections for clear error and finds none. *See Tinlin*, 2025 WL 2468802, at *1.

As to his assertion the magistrate judge misapplied harmless-error review, Plaintiff is incorrect. The Magistrate Judge correctly found the ALJ's omission of DPD at step two was, at most, harmless. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (explaining the omission of an impairment at step two is harmless unless the claimant can connect the impairment to overlooked functional limitations that could have changed the residual functional capacity or ultimate disability determination). As discussed in detail in the R&R, the ALJ identified other severe impairments and proceeded through the sequential evaluation, considering all of Plaintiff's mental health symptoms and limitations, regardless of diagnostic label. (Doc. 23 at 4.) On this record, even if the omission of DPD at step two was error, that error was harmless.

Plaintiff also asserts the ALJ improperly attributed certain behaviors—including dependency, passivity, poor insight, impaired judgment, dysfunctional relationships, and failure to separate from harmful influences—to matters of will, motivation, or choice rather than manifestations of DPD. As stated in the R&R, the ALJ's findings are consistent with the medical record, which indicates many of Plaintiff's issues were within his control and he was not as limited as alleged. *See Thomas*, 278 F.3d at 954. There is nothing in the record to support Plaintiff's conclusion these behaviors are attributable to DPD. (*See* Doc. 23 at 5 (stating "aside from Plaintiff's unhealthy familial relationships, no provider connected the foregoing behaviors to DPD").) The Court will overrule Plaintiff's Objections and adopt the R&R in full.

## IV. Conclusion

**IT IS ORDERED** Plaintiff's Objections to the R&R are **OVERRULED**.

**IT IS FURTHER ORDERED** the R&R (Doc. 23) is **ADOPTED** in full and the Commissioner's decision is **AFFIRMED**.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter judgment accordingly and close this case.

Dated this 1st day of September, 2026.

Honorable Scott H. Rash
United States District Judge